THE LAW OFFICES OF

# ANDREW J. FRISCH

40 FULTON STREET
23RD FLOOR
NEW YORK, NEW YORK 10038

(212) 285-8000
FAX: (646) 304-0352

WWW.ANDREWFRISCH.COM

August 27, 2012

The Honorable William F. Kuntz
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Loriann Moskowitz and Stanley Moskowitz
    <u>Criminal Docket No. 11-793 (WFK)</u>

Dear Judge Kuntz:

   I write on behalf of Loriann Moskowitz and Stanley Moskowitz in the above-referenced case in brief response to the government's letter of Friday, recommending a hearing pursuant to *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982). In short, I agree that a hearing is appropriate, and that separate counsel should be appointed for each of my clients to determine if each of them waives the potential conflict created by my representation of them.

   Loriann is Stanley's daughter. Loriann was named in the initial indictment filed on November 23, 2011; Stanley was added to the case in a superseding indictment filed on August 3, 2012. As we advised the Court before the superseding indictment was filed, Loriann's intention has been to plead guilty, though we had not yet finally decided whether to plead guilty pursuant to the government's proposed plea agreement or to the indictment (in order to preserve certain legal arguments including our prospective challenge to the treatment of oxycodone in the Sentencing Guidelines). But for the government's *Curcio* letter of Friday, Loriann intended to plead guilty to the indictment at tomorrow's scheduled conference.

   Prior to filing a notice of appearance of behalf of Stanley, I discussed the potential conflict with both Loriann and Stanley and the probable need for a *Curcio* hearing. I undertook the joint representation because I believe that Loriann and Stanley understand the issues raised in the government's *Curcio* letter and are prepared to waive the potential conflict. Nonetheless, the government has properly raised the issue with the Court and correctly recommended that separate

counsel be appointed for Loriann and Stanley to ensure the Court that, should they wish to continue with me as their lawyer after consulting with such counsel, their waiver will be knowing and voluntary. Upon such waiver, I expect that we will be able to reschedule Loriann's plea of guilty to the indictment.

Respectfully submitted,

Andrew J. Frisch

cc: AUSA Tyler Smith