

U.S. Department of Justice

United States Attorney
Eastern District of New York

TJS
F.#2011R001809

271 Cadman Plaza East
Brooklyn, New York  11201

September 6, 2013

By Hand and ECF

The Honorable William F. Kuntz II
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  United States v. Loriann Moskowitz
>      Criminal Docket No. 11-793(WFK)

Dear Judge Kuntz:

The government respectfully submits this letter in anticipation of sentencing in the above-captioned case, which is scheduled for September 20, 2013.  For the reasons set forth below, the government believes that the Court should sentence the defendant to a term of imprisonment within the guideline range of 87 to 108 months.

I.   Background

Loriann Moskowitz was a member of a conspiracy to distribute oxycodone between January 2008 and October 2011.  The conspiracy was led by Loriann's brother co-defendant, Lance Moskowitz, until his incarceration for violating his probation in April 2010.  At that point, the defendant began acting for him, having daily communications with Lance regarding obtaining oxycodone from doctors, distributing it to sellers, and apportioning the profits.  (Pre-sentence Investigation Report ("PSR") at ¶¶ 6-9.)  The defendant also obtained oxycodone herself to be sold for distribution.  From January 2009 to April 2011, the defendant herself purchased 5,700 oxycodone pills herself.  PSR ¶ 7.  The conspiracy as a whole involved far more.  PSR ¶ 13.

II.  Argument

In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of United States v. Booker, 543 U.S. 220 (2005):

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

Gall, 552 U.S. at 49 (citation omitted). Next, a sentencing judge should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [the judge] may not presume that the Guidelines range is reasonable. [The judge] must make an individualized assessment based on the facts presented." Id. at 49-50 (citation and footnote omitted).

The Probation Department determined the Guidelines offense level to be 29, which results in a range of imprisonment of 87 to 108 months within Criminal History Category I. See PSR at ¶ 61.

The government respectfully submits that in this case a sentence within the advisory Guidelines range is appropriate. In particular, such a sentence is sufficient but not greater than necessary to reflect the nature and circumstances of the offense and the history and characteristics of the defendant, to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct. See 18 U.S.C. § 3553(a)(1) and (2).

The defendant is charged with a serious offense-- involvement in a longstanding conspiracy to sell thousands upon thousands of oxycodone pills on the streets of New York. This was not a one-time affair or even a short-lived episode of someone making quick, illegal money by selling rather than using their own prescription drugs. The defendant in this case obtained oxycodone from multiple doctors, and helped others do the same, for the sole purpose of distributing it for profit. This repeated illegal conduct militates for a Guidelines sentence. In addition, a sentence within the Guidelines range would serve the important purposes of deterring both this defendant and others who may contemplate similar actions from committing this crime.

The defendant argues that the Court should not oppose a Guidelines sentence based on the manner that the Guidelines for drug crimes were determined. However, as the defendant's own sentencing memorandum makes clear, the Guidelines for oxycodone--

based on the equivalency ratio between it and marijuana--was not determined by Congress, but by the Sentencing Commission itself. (Defense Sentencing Memorandum ("Def. Mem.") at 9). The defendant attempts to call this into question by based on comments that the Chair of the Sentencing Commission noted that Congress would be interested in the amendment of the Guideline because "the illicit drug market for oxycodone has grown." (Def. Mem. at 9.) There is no reason that the Sentencing Commission should not look to the deterrent effects of sentences--as evidenced by how prior sentencing has effected an illegal market--in determining appropriate punishment. The defendant also claims that oxycodone should not be treated more harshly than heroin. However, while the oxycodone base offense levels are based on the actual amount of the drug, the heroin offense levels are based on the amount of the mixture containing the drug. As a result, whether a particular amount of oxycodone is treated more or less harshly than a particular amount of the actual drug of heroin will depend on the quantity of mixture that heroin is contained in.

      Finally, in analyzing the societal harmfulness of oxycodone, the defendant fails to note that the distribution of oxycodone perpetuates an addiction that has led to increasing numbers of armed robberies of pharmacies. <u>See</u> New York Times, Pharmacies Besieged by Addicted Thieves, February 6, 2011[1]; New York Times, Intervening After Robbery, an Off-Duty A.T.F. Agent is Killed, December 31, 2011[2]; NBC News, Masked Gunman Steals Painkillers at Long Island Pharmacy: Cops, July 2, 2013[3]. This tragic consequence of oxycodone abuse is one not present in wholly illegal drugs and is another reason to treat oxycodone distribution as the serious crime it is.

---

    [1] Available at: http://www.nytimes.com/2011/02/07/us/07pharmacies.html?pagewanted=all&_r=0

    [2] Available at: http://www.nytimes.com/2012/01/01/nyregion/off-duty-atf-officer-is-killed-intervening-after-robbery.html

    [3] Available at: http://www.nbcnewyork.com/news/local/Pharmacy-Robbery-Gunman-Mask-Gloves-Narcotics-Hicksville-Long-Island-213895301.html

III. <u>Conclusion</u>

      For the foregoing reasons, the government respectfully submits that the Court should sentence the defendant to a term of imprisonment at or near the advisory Guidelines range of 87 to 108 months.

                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney

                    By:           /s/
                              Tyler J. Smith
                              Assistant U.S. Attorney
                              (718) 254-6186

cc:  Clerk of Court (By ECF)
     Andrew Frisch, Esq. (By Email)
     Roberta Houlton, Probation Department (By Email)